Brian Hennessy State Bar No. 226721
bhennessy@perkinscoie.com
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, California 94025
Telephone: 650.838.4300
Facsimile: 650.838.4350

James McCullagh, *pro hac vice application to follow*
jmccullagh@perkinscoie.com
Joseph Cutler, *pro hac vice application to follow*
jcutler@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEREMI FISHER; PHILIP POREMBSKI; RYAN SHIMEALL; and JOHN DOES 1-25, individuals; and CHOKO SYSTEMS LLC; HARM, INC.; PP WEB SERVICES LLC, iMEDIA ONLINE SERVICES LLC, and JOHN DOES 26-50, corporations,<br><br>Defendants. | Case No. C 09-05842 JF<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF FACEBOOK, INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

THIS MATTER came before the Court for hearing on plaintiff Facebook, Inc.'s ("Facebook") motion for a temporary restraining order against Defendants Jeremi Fisher, Philip

Porembski, Ryan Shimeall, Choko Systems LLC, Harm Inc., PP Web Services LLC, and iMedia Online Services LLC (collectively "Defendants"). Now, the Court having considered Plaintiff's motion, the memorandum of points and authorities in support thereof, the declarations of Joseph Cutler and a Facebook Employee, and other evidence provided in support of the motion and the arguments of counsel, the Court hereby finds:

1. The Court has jurisdiction over Defendants and the subject matter of this action.

2. Facebook provided sufficient notice of Facebook's intent to file a motion for a temporary restraining order to Defendants, and thereby complied with the requirements of Federal Rule of Civil Procedure 65.

3. Based on the facts set forth in plaintiff Facebook's Notice of Motion and Motion for Temporary Restraining Order, the accompanying memorandum of points and authorities in support, and the declarations of Joseph P. Cutler and a Facebook Employee, Facebook has established a likelihood that it will succeed on the merits of its claims. Furthermore, Facebook has established that it would have potentially suffered irreparable harm or injury if this injunction were not issued.

4. Even if Facebook had not established a likelihood of success on the merits, Facebook has raised serious questions going to the merits and has a fair chance of success on the merits, and the balance of hardships tips sharply in Facebook's favor.

5. The public interest weighs in favor of granting Facebook's requested relief.

6. A temporary restraining order against Defendants is necessary until a hearing on plaintiff's motion for a preliminary injunction.

Now, therefore, it is hereby ORDERED as follows:

1. Defendants Jeremi Fisher, Philip Porembski, Ryan Shimeall, Choko Systems LLC, Harm Inc., PP Web Services LLC, and iMedia Online Services LLC, and all of their officers, agents, servants, employees and attorneys, and persons in active concert or participation with them who receive actual notice of this order are hereby enjoined from:

a. Initiating or procuring transmission of unsolicited commercial electronic messages ("spam") on or through Facebook's computers, Facebook's website, Facebook's networks, or to Facebook users;

b. Accessing or attempting to access Facebook's website, networks, data, information, user information, profiles, computers, or computer systems;

c. Soliciting, requesting, or taking any action to induce Facebook users to provide identifying information or representing that such solicitation, request, or action is being done with Facebook's authorization or approval;

d. Retaining any copies, electronic or otherwise, of any Facebook information, including user login information or passwords, obtained through illegitimate or unlawful actions;

e. Engaging in any activity that alters, damages, deletes, destroys, disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Facebook's computers, computer system computer network, data, website, or services;

f. Engaging in any unlawful activities alleged in this action;

g. Entering or accessing the physical premises or facilities of Facebook or its counsel; or

h. Engaging in any activity that violates, or encourages, induces or facilitates violations of the Statement of Rights and Responsibilities, attached as Exhibit A to the Complaint in this action.

3. This Temporary Restraining Order shall take effect immediately and shall remain in effect pending a Hearing on Facebook's Motion for a Preliminary Injunction, which is scheduled for _____, or until further order of this Court. Facebook Inc. shall file the papers in support of its Motion for a Preliminary Injunction no later than _____. Defendants' Opposition papers, if any, shall be due no later than _____, and shall be served upon Facebook's counsel of record.

1    4.   Defendants are ordered to appear in Courtroom ___ in the United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California 95113 on _____, 2009, at _____ a.m./p.m., and show cause why a preliminary injunction should not be issued as requested by Facebook.

5.   Facebook is directed to file proof of bond, in the amount of _____, within five court days of this Order with the Clerk of the Court. The bond shall serve as security for all claims with respect to this Temporary Restraining Order and Temporary Impoundment Order, and any additional injunctive relief ordered by the Court in this action.

IT IS SO ORDERED.

Dated: _____, 2009

_____
The Honorable Jeremy Fogel
United States District Judge

Presented by:

**PERKINS COIE LLP**

By ____/s/_____
      Brian Hennessy
*Attorneys for Plaintiff Facebook, Inc.*