\*\*E-Filed 12/21/2009\*\*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEREMI FISHER; PHILIP POREMBSKI; RYAN SHIMEALL; and JOHN DOES 1-25; individuals; and CHOKO SYSTEMS LLC; HARM, INC.; PP WEB SERVICES LLC; iMEDIA ONLINE SERVICES LLC; and JOHN DOES 26-50, corporations,<br><br>Defendants. | Case Number C 09-05842 JF (PVT)<br><br>ORDER[1] GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>[re: docket no. 14] |

Plaintiff Facebook, Inc. ("Facebook") alleges that Defendants Jeremi Fisher, Philip Porembski, and Ryan Shimeall, individually and through various affiliated corporate entities (collectively, "Defendants'), have engaged in an ongoing phishing and spamming campaign against Facebook and its users in violation of (1) the Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"), 15 U.S.C. § 7701 *et seq.*; (2) the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 *et seq.*, (3) Cal. Penal Code § 502; and (4)

---

[1] This disposition is not designated for publication in the official reports.

Cal. Bus. & Prof. Code § 22948.  Facebook also asserts a claim for breach of contract.  Pursuant to Fed. R. Civ. P. 65(b), Facebook seeks a temporary restraining order ("TRO") enjoining Defendants from engaging in the alleged phishing and spamming activities against Facebook and its users.  For the reasons set forth below, the motion will be granted.

## I.  BACKGROUND

Facebook is a well-known social networking website with over 175 million users.  Facebook users must register with the website and agree to Facebook's Terms of Use.  Upon registration, users are given a unique username and password to access their own user profiles as well as the profiles of their "friends."  Users may send messages to each other through the Facebook website, either by e-mail or by postings on a user's "wall."  To preserve the integrity of its website, Facebook maintains strict policies against spam or any other form of unsolicited advertising.  The Terms of Use prohibit any activity that would impair the operation of the website, including the use of data-mining "bots, robots, spiders, or scrapers" to gain access to users' login information, posting of unsolicited advertising or circulation of such advertising via e-mail, providing false personal information or falsely stating or otherwise misrepresenting oneself, or any use of another person's account without Facebook's prior authorization.

Facebook alleges that Defendants are registered Facebook users who are bound by the Terms of Use.  Since November 2008, Defendants allegedly have engaged in a phishing and spamming scheme that has compromised the accounts of a substantial number of Facebook users.  Defendants' activity allegedly has escalated substantially.  The alleged scheme generally operates as follows:  Defendants send emails to multiple Facebook users.  The emails appear to be legitimate messages and ask the recipients to click on a link to another website.  That website is a phishing site designed to trick users into divulging their Facebook login information.  Once users divulge the information, Defendants then use it to send spam to the friends of the users, and as the cycle repeats the number of compromised Facebook accounts increases rapidly.  Facebook also alleges that certain spam messages redirect users to websites that pay Defendants for each user visit.  While Facebook has been reasonably successful in combating this scheme, the expanding scope of the operation has made it increasingly difficult to neutralize Defendants'

activities.

## II. DISCUSSION

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of the hardships tips in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

In the instant case, Facebook engaged in substantial investigative activity before filing suit and has presented sufficient evidence in support of the instant motion to demonstrate a likelihood of success on the merits with respect to the claims asserted in the operative complaint. In addition, there is a clear possibility of irreparable injury with respect both to Facebook's reputation and to the personal privacy of Facebook users. *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm."); *see also MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007) (activities similar to the scheme alleged in the instant case caused irreparable harm). Finally, the balance of hardships clearly favors Facebook because it has expended significant time and resources to combat Defendants' activities, which as noted above are expanding at a considerable rate. *See id.* ("The balance of hardships tips sharply in favor of Plaintiff here. Plaintiff has already expended substantial time and money in combating Defendant's unsolicited messages and postings, and has dealt with over 800 resulting user complaints."). Likewise, Defendants will suffer little or no hardship if enjoined from their allegedly illegal scheme. *See id.* Accordingly, Facebook is entitled to temporary injunctive relief.

## ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. Defendants Jeremi Fisher, Philip Porembski, Ryan Simeall, and Choko Systems LLC, Harm, Inc., PP Web Services LLC, and iMedia Online Services LLC, and all of their officers, agents, servants, employees and attorneys and persons in active concert or participation with them who receive actual notice of this Order are hereby enjoined from:

   a. Initiating or procuring transmission of unsolicited commercial electronic messages on or through Facebook's computers, Facebook's website, Facebook's networks, or to Facebook users;

   b. Accessing or attempting to access Facebook's website, networks, data, information, user information, profiles, computers, and/or computer systems;

   c. Soliciting, requesting, or taking any action to induce Facebook users to provide identifying information or representing that such solicitation, request, or action is being done with Facebook's authorization or approval;

   d. Retaining any copies, electronic or otherwise, of any Facebook information, including login information and/or passwords, obtained through illegitimate and/or unlawful actions;

   e. Engaging in any activity that alters, damages, deletes, destroys, disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Facebook's computers, computer system computer network, data, website, or services;

   f. Engaging in any unlawful activities alleged in the operative complaint;

   g. Entering or accessing the physical premises or facilities of Facebook or its counsel; and

   h. Engaging in any activity that violates, and/or encourages, induces or facilitates violations of the Terms of Use attached as Exhibit A to this

4

Case Number C 09-05842 JF (PVT)
ORDER GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER
(JFLC1)

Order.

2. This Order shall take effect immediately and shall remain in effect pending a hearing in this Court on Facebook's motion for a preliminary injunction. Defendants are ordered to appear at the hearing in Courtroom 3, Fifth Floor in the United States District Court for the Northern District of California, San Jose Division, located at 280 South First Street, San Jose, California 95113, on January 8, 2010, at 9 a.m. to show cause why a preliminary injunction should not be issued as requested by Facebook. Facebook shall serve a copy of this Order on Defendants, and either party may file briefs in support of or in opposition to Facebook's motion for a preliminary injunction on or before January 4, 2010.

3. Facebook is directed to file proof of bond, in the amount of $5,000, within five (5) court days of this Order with the Clerk of the Court. The bond shall serve as security for all claims with respect to this Order and for any additional injunctive relief ordered by the Court in this action.

DATED: December 21, 2009

_____
JEREMY FOGEL
United States District Judge

Case Number C 09-05842 JF (PVT)
ORDER GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER
(JFLC1)