Brian Hennessy, State Bar No. 226721
bhennessy@perkinscoie.com
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, California 94025
Telephone: 650.838.4300
Facsimile: 650.838.4350

James McCullagh, *pro hac vice application to follow*
jmccullagh@perkinscoie.com
Joseph Cutler, *pro hac vice application to follow*
jcutler@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff
  FACEBOOK, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEREMI FISHER; PHILIP POREMBSKI; RYAN SHIMEALL; and JOHN DOES 1-25, individuals; and CHOKO SYSTEMS LLC; HARM, INC.; PP WEB SERVICES LLC, iMEDIA ONLINE SERVICES LLC, and JOHN DOES 26-50, corporations,<br><br>Defendants. | Case No. C 09-05842 JF<br><br>**PLAINTIFF FACEBOOK'S MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION**<br><br>Hearing Date: January 8, 2010<br>Hearing Time: 9:00 a.m.<br>Crtm: Courtroom 3, Fifth Floor<br>Hon.: Hon. Jeremy Fogel |

-1-

MEMO IN SUPPORT OF PRELIMINARY
INJUNCTION Case No. C 09-05842 JF

Dockets.Justia.com

## I. INTRODUCTION

It has been two weeks since this Court granted the Motion for Temporary Restraining Order of Plaintiff Facebook, Inc. ("Facebook"). In the past 14 days, Facebook has obtained stipulated permanent injunctions, filed concurrently with this memorandum, from individual Defendants Jeremi Fisher and Ryan Shimeall and corporate Defendants Choko Systems LLC and iMedia Online Services LLC. Despite its best efforts, however, Facebook has been unable to obtain a stipulated preliminary or permanent injunction from individual Defendant Philip Porembski or corporate Defendants Harm Inc. or PP Web Services LLC. The facts regarding Defendants Porembski, Harm Inc., and PP Web Services LLC's ongoing and escalated spamming and phishing attack as asserted in Plaintiff Facebook's Motion for Temporary Restraining Order have not changed in the past 14 days and Facebook requests that this Court grant Facebook's Motion for Preliminary Injunction as to these Defendants.

## II. FACTS

On December 21, 2009, this Court granted Plaintiff Facebook's Motion for Temporary Restraining Order against individual Defendants Jeremi Fisher, Philip Porembski, and Ryan Shimeall and corporate Defendants Choko Systems LLC, Harm Inc., PP Web Services LLC, and iMedia Online Services LLC. Dkt. No. 21. On December 22, 2009, Facebook served Defendants by electronic mail and commercial mail to the addresses at which Defendants were personally served with the Court's Order Granting Facebook's Motion for a Temporary Restraining ("Order") and notice of preliminary injunction hearing. Declaration of Joseph P. Cutler in Support of Memorandum In Support of Preliminary Injunction ("Cutler Decl.") ¶¶ 2-4. All Defendants confirmed receipt of the Order and notice of preliminary injunction hearing. Cutler Decl. ¶ 5.

On December 31, 2009, Defendants Jeremi Fisher and Choko Systems LLC, and Ryan Shimeall and iMedia Online Services LLC, separately executed Stipulated Permanent Injunctions. Cutler Decl. ¶ 6.

Facebook offered to enter into a stipulated preliminary or permanent injunction with individual Defendant Philip Porembski and his associated companies—corporate Defendants Harm Inc. and PP Web Services LLC—but he has thus far refused. Cutler Decl. ¶ 7.

## III. ARGUMENT

### A. Standard for Preliminary Injunction

Federal Rule of Civil Procedure 65(a) authorizes the court to issue preliminary injunctions only on notice to the adverse party. Fed. R. Civ. Proc. 65(a)(1). To obtain preliminary injunctive relief, a plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent the preliminary injunction; and (3) that the balance of equities tips in favor of issuing an injunction and (4) that an injunction is in the public interest. *Winters v. National Resource Defense Counsel*, 129 S.Ct. 365, 375 (2008) (requiring a showing of likelihood of irreparable injury); *Raich v. Gonzales*, 500 F.3d 850, 857-58 (9th Cir. 2007) (internal citations, quotation marks and bracket omitted). This is the same standard that this Court applied when granting Facebook's Motion for a Temporary Restraining Order, in which it found that Facebook had presented sufficient evidence to support issuance of a Temporary Restraining Order. Dkt. No. 21 at 3.

### B. Facebook is Entitled to a Preliminary Injunction Against Philip Porembski, Harm Inc., and PP Web Services LLC

Regarding the activities and likelihood of harm posed by individual Defendant Philip Porembski and corporate Defendants Harm Inc. and PP Web Services LLC, nothing has changed in the two weeks since the Court's Order. Because the legal standard for granting a preliminary injunction is the same as for granting a temporary restraining order, Facebook hereby incorporates by reference all factual assertions and legal arguments submitted in its Notice of Motion, Motion, and Memorandum in Support of Motion for Temporary Restraining Order and documents filed in support thereof, in this matter. Dkt. Nos. 14, 15, 16.

The Court's Order Granting Motion for A Temporary Restraining Order expressly states that Facebook has "presented sufficient evidence in support of the [TRO] motion to demonstrate a likelihood of success on the merits with respect to the claims set forth in the operative complaint," "the balance of hardships clearly favors Facebook," and that "Defendants will suffer little or no hardship if enjoined from their allegedly illegal scheme." Dkt. No. 21 at 3. In addition, intangible injuries such as the evidence of threatened loss of customers or loss of goodwill is

sufficient to show likelihood of irreparable injury absent a preliminary injunction. *Mortgage Electronic Registration Systems, Inc. v. Brosnan*, 2009 WL 3647125 at *8 (N.D. Cal. 2009) (relying on several Ninth Circuit cases in granting a preliminary injunction based on a finding of irreparable harm as a result of loss of good will); *MySpace, Inc. v. Wallace*, 498 F.Supp.2d 1293, 1305 (C.D. Cal. 2007) ("Harm to business goodwill and reputation is unquantifiable and considered irreparable."); *Facebook, Inc. v. Wallace*, No. C-09-00798 JF, 2009 WL 840391, at *2 (N.D. Cal. Mar. 24, 2009) (finding social network suffered irreparable injury where Defendant overburdened Plaintiff's network and thereby threatened its reputation).

Finally, as previously stated in Facebook's Motion For Temporary Restraining Order, there is a strong public interest in protecting the privacy and security of Facebook's online community. *See* Dkt. 14, pgs, 17-18.

### C. The Previously Ordered Bond Is Sufficient

In its December 21, 2009 Order, the Court required Facebook to post a $5,000 bond. Dkt. No. 21, p. 5. It further stated that "The bond shall serve as security for all claims with respect to this Order and for any additional injunctive relief ordered by the Court in this action." *Id.* Accordingly, Facebook should not be required to file an additional bond.

### IV. CONCLUSION

Based on the reasoning above, Facebook respectfully requests that this Court issue the proposed preliminary injunction, enjoining Defendants Philip Porembski's, Harm Inc.'s, and PP Web Services LLC's illicit practices and thereby preventing further irreparable harm to Facebook and its users.

DATED: January 4, 2010

PERKINS COIE LLP

By: /s/
Brian Hennessey

*Attorneys for Plaintiff Facebook, Inc.*

# CERTIFICATE OF SERVICE

I certify that on January 4, 2010, I sent the foregoing MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION, which was filed with the Clerk of the Court using the CM/ECF system, via U.S. mail and electronic mail to the following Defendants:

Jeremi Fisher
Choko Systems LLC
35 Jackson Street
Akron, New York 14001
chokosystems@gmail.com

Philip Poremsbki
Harm Inc.
PP Web Services LLC
12155 Tributary Point Drive
Apt. 170
Rancho Cordova, California 95670
phil420@gmail.com

Ryan Shimeall
iMedia Online Services LLC
10299 Julian Court
Westminster, Colorado 80031
ryanlinx@yahoo.com

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 4th day of January 2010.

_____
Ryan T. Mrazik, WSBA No. 40526
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
RMrazik@perkinscoie.com

*Attorneys for Defendant Facebook, Inc.*