DOWNEY BRAND LLP
MICHAEL J. THOMAS (Bar No. 172326)
MICHAEL A. SCHAPS (Bar No. 247423)
621 Capitol Mall, Eighteenth Floor
Sacramento, CA 95814
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
Email: mthomas@downeybrand.com
mschaps@downeybrand.com

Attorneys for PHILIP POREMBSKI and PP WEB SERVICES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEREMI FISHER; PHILIP POREMBSKI; RYAN SHIMEALL; and JOHN DOES 1-25, individuals; and CHOKO SYSTEMS LLC; HARM, INC.; PP WEB SERVICES LLC; iMEDIA ONLINE SERVICES LLC; and JOHN DOES 26-50, corporations,<br><br>Defendant. | Case No. C 09-05842 JF<br><br>**DOWNEY BRAND LLP's MOTION TO WITHDRAW AS COUNSEL OF RECORD AND MEMORANDUM OF POINTS AND AUTHORITIES** |

## I.

## INTRODUCTION

Downey Brand LLP ("Downey Brand") seeks leave to withdraw as counsel for defendants PHILIP POREMBSKI ("Porembski") and PP WEB SERVICES LLC ("PP Web Services") or collectively "Defendants." Downey Brand has not actually appeared on behalf of Mr. Porembski and PP Web Services because it has only filed stipulations to extend the time for Mr. Porembski and PP Web Services to respond to the complaint, however, in an abundance of caution Downey Brand files this motion with the Court. Downey Brand should be permitted to withdraw as

counsel because since approximately February 22, 2010, I have made several telephone calls and sent numerous e-mails to Porembski, but have been unable to reach him and have not received any response(s) to my telephone calls and/or e-mails. In addition, I have been informed by Joseph Cutter, counsel for Plaintiff, that Mr. Porembski has been e-mailing communications to him directly without my knowledge, review or participation in those communications, which indicates that Mr. Porembski no longer considers me his attorney since he is directly engaging opposing counsel without my knowledge and participation.

Further, Downey Brand has taken steps to avoid reasonably foreseeable prejudice to defendants, including giving defendants advanced notice of the need to, and ample time to, find alternate counsel.

## II.

## FACTUAL BACKGROUND

This case involves allegations by Plaintiff that defendants, individually and through various affiliated corporate entities have engaged in an ongoing phishing and spamming campaign against Facebook and its users in violation of (1) Controlling the Assault of Non-Solicited Pornography and Marketing Action 15 U.S.C. § 7701 *et seq.*; (2) the Computer Fraud and Abuse Act 18 U.S.C. § 1030 *et seq.*, (3) Cal Penal Code §502; and (4) Cal. Bus. & Prof. Code §22948. Facebook also alleges a claim for breach of contract. Since the filing of the Complaint herein, counsel for Facebook and Porembski have attempted to settle the dispute and have entered into stipulated extensions of time for the filing of a responsive pleading to the Complaint. No Answer has been filed on behalf of Porembski to date.

Since beginning its representation, Downey Brand has vigorously participated in the attempted settlement and resolution of Facebook's lawsuit. Thomas Decl. ¶ 4. Based on the promising prospects of an early settlement, Downey Brand and Facebook's counsel, Perkins Coie LLP (by Joseph Cutler, Esq.), entered into a number of stipulations, with this Court's approval, extending the time within which Mr. Porembski and PP Web Services were required to file an answer. Thomas Decl. ¶ 5. Mr. Porembski has been advised orally and in writing that Downey Brand would not be able to appear for Defendants Porembski and PP Web Services in this action.

Based on Porembski's response, I believe that Porembski did not object to Downey Brand withdrawing from representation in this case. Thomas Decl. ¶ 6. Mr. Porembski has been advised orally and in writing that the responsive pleading to complaint is due no later than March 4, 2010. Thomas Decl. ¶ 7. Downey Brand has not filed an answer on Porembski or PP Web Services behalf, but counsel for Facebook has advised that it will not rush to seek a default judgment against Porembski and PP Web Services in view of Downey Brand's withdrawal. Thomas Decl. ¶ 14

### III.

### DISCUSSION

Local Rule 11-5(a) states that "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Withdrawal as counsel is also governed by the Rules of Professional Conduct of the State Bar of California. The Rules of Professional Conduct list a variety of circumstances under which attorneys may request and obtain permission to withdraw. Cal. Rules of Prof. Conduct, Rule 3-700(C).

Downey Brand should be permitted to withdraw as counsel because it has made several telephone calls and sent numerous e-mails to Mr. Porembski since March 1, 2010, but has been unable to reach him and have not received any response(s) to my e-mails. Thomas Decl. ¶ 8. During this same time period, counsel for Facebook informed Downey Brand that Mr. Porembski has been e-mailing communications to him directly without Downey Brand's knowledge, review or participation in those communications, which indicates that Mr. Porembski no longer considers Downey Brand to be his attorney since he is directly engaging opposing counsel without my knowledge and participation. Thomas Decl. ¶ 9. Rule 3-700(C)(1)(d) allows withdrawal in this circumstance. Downey Brand's initial "appearances" in this action were made in connection with submitting certain stipulations with Plaintiff's counsel to extend the time within which Porembski and PP Web Services were obligated to file answer. These stipulations extending the time to answer were made in an effort to settle this lawsuit without needless litigation.

Additionally, Downey Brand believes that Defendants, by and through Mr. Porembski,

1  has knowingly and freely assented to the termination of the employment. Thomas Decl. ¶ 6, 9, 11.
2  Rule 3-700(C)(5) allows withdrawal in this circumstance as well.
3        A declaration supporting a motion to withdraw "shall state in general terms and without
4  compromising the integrity of the attorney-client relationship" why the motion is being filed.
5  Cal. Rule of Court 376(c). Should the Court desire more specific information before ruling on
6  the motion, Downey Brand requests that the Court hear such information in camera. *See, e.g.,*
7  *Manfredi & Levine v. Superior Court*, 66 Cal.App.4th 1128, 1136 (1998) ("[Counsel] could have
8  requested an in camera hearing. This would have afforded the opportunity to furnish details on
9  the claim of conflict and to provide the court with sufficient information as to why the law firm
10  could not continue to represent the [clients].").
11        Downey Brand has also taken steps to avoid reasonably foreseeable prejudice to
12  defendants by reason of Downey Brand's withdrawal as counsel of record. Downey Brand has
13  not filed an answer on behalf of Porembski and PP Web Services, but has received
14  communication from counsel for Facebook that it will not rush to seek a default judgment against
15  Porembski and PP Web Services in view of my withdrawal. Thomas Decl. ¶ 14.
16        Additionally, at this time, there are no outstanding discovery requests to Porembski and
17  PP Web Services and no dispositive motions have been filed or threatened against Porembski and
18  PP Web Services. I am not aware of any pending motions or hearings set with the Court.
19  Downey Brand has requested this Court to allow Mr. Porembski ample time to retain an attorney
20  to serve as counsel of record for both himself and PP Web Services and to file an answer in this
21  proceeding.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

1061944.1

4

## IV.

## CONCLUSION

For these reasons, Downey Brand respectfully requests that it be allowed to withdraw as counsel of record for Defendants.

DATED: March 4, 2010               DOWNEY BRAND LLP


By: _____/s/ Michael J. Thomas_____
   MICHAEL J. THOMAS
   Attorneys for Defendants
   PHILIP POREMBSKI and PP WEB SERVICES LLC